The Honorable Paul R. Bosson Prosecuting Attorney Eighteenth Judicial Circuit East 501 Ouachita Avenue Hot Springs, Arkansas 71901
Dear Mr. Bosson:
This is in response to your request for an opinion concerning a one dollar "health card fee" charged by the local City-County Health Department. You note that the fee was imposed by city ordinance in 1960, when the City Health Department and the County Health Department were still separate entities. It is my assumption that the entities were merged pursuant to A.C.A.14-262-107 (a) sometime thereafter. You also note that in mid-1987, the county took over the administrative and accounting responsibility for the Health Department from the city, and that the Health Department has continued to collect this one dollar "health card fee" along with a two dollar "records fee" authorized under Act 677 of 1987. Your specific questions about this fee are as follows:
 (1) Can the health department continue to collect the annual $1.00 health card fee under the city ordinance and simply remit the money to Garland County?
 (2) If your answer is "no," does Garland County have the authority to enact an ordinance to collect the health card fee?
It is my opinion that the answer to each of your questions is "no", because collection of the one dollar "health care fee," in my opinion, is prohibited after the effective date of Act 677 of 1987, which levies a two dollar "visit" fee.
Your correspondence does not indicate for what purpose a "health card" is issued. It is my assumption that this term includes those cards or certificates issued to individuals who are required by law to submit proof of lack of disease in order to engage in certain professions. For example, public school employees are required by law to submit proof of freedom from tuberculosis. A.C.A. 6-17-101 (Supp. 1987), and "food handlers" were formerly required to submit similar proof. See former Ark. Stat. Ann. 82-977, repealed by Act 59 of 1975. It is my opinion that Act 677 of 1987, (A.C.A. 20-7-127 (Supp. 1987)), which authorizes a two dollar fee for each client visit to a local health unit, was intended to cover these types of health visits to the clinic, and as such that act sets the fee to be charged for these visits, and thus the one dollar local fee is unauthorized.
Support for this conclusion can be found in the repealer clause of Act 677 of 1987. Section 4 of Act 677 provides:
 Subsection (2) and (3) of Section 194 of Act 169 of 1931, as added by subsection (2) and (3) of Section 1 of Act 455 of 1965, the same being Arkansas Statutes 80-1211 and 80-1212 and all laws and parts of laws in conflict with this Act are hereby repealed. The sections of the acts repealed by the section above provided that public school employees were to be tested free of charge by the Health Department for tuberculosis. Apparently, the legislature intended that these employees now be charged the two dollar "visit fee" for this service. The fact that this two dollar fee was intended to cover this health certificate, lends credence to the conclusion that this fee is to cover the issuance of "health cards" by the City-County Health Department.
Because the legislature has set the fee for this service in A.C.A.20-7-127, the City-County Health Department is prohibited from increasing it. See A.C.A. 14-14-808, ("A county government exercising local legislative authority is prohibited the exercise of any power . . . inconsistent with state law . . ."), and A.C.A.14-43-601, (proclaiming the matters of minimum public health a state affair, and providing that a "municipality may exercise any function or legislative power upon . . . state affairs if not in conflict with state law.") In my opinion, the charging of a one dollar fee, after the effective date of Act 677 of 1987, in addition to the existing two dollar fee mandated by that act, is unauthorized as it would be contrary to state law.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.